# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD LENNON,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*,

    *Respondents*.

3:10-cv-00663-LRH-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#1-2) for appointment of counsel and for initial review. The filing fee has been paid.

    Petitioner Ronald Lennon seeks to set aside his 2006 Nevada state conviction, pursuant to a jury verdict, of one count of first-degree murder of a victim 65 years of age or older and one count of robbery of a victim 65 years of age or older. He is serving two consecutive sentences of 20 years to life each on the murder charge and two lesser consecutive sentences on the robbery charge that run concurrently with the sentences on the murder charge. It appears that Lennon currently is approximately 58 years of age, such that, with time served, he would be incarcerated under the aggregate mandatory minimum sentence into his nineties.

    The claims presented in the *pro se* original petition include claims presenting potentially complex legal and scientific issues, such as the claim in Ground 2 regarding the trial court allowing a detective to testify regarding larval development and decomposing bodies. Petitioner further alleges that he has been impeded from fully presenting all of his claims because trial counsel has not turned over the file to him. It is not immediately evident from the materials available that relief sought by petitioner apparently in this regard in the state courts was granted prior to the dismissal of his state petition as conclusory.

The Court accordingly is inclined to appoint counsel, given: (a) the, as a practical matter, life sentence; (b) the potentially complicated legal, scientific, and procedural issues involved; and (c) the allegation of impediments to petitioner's development of his claims on state post-conviction review.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition and accompanying motion for appointment of counsel.

IT FURTHER IS ORDERED that the motion for appointment of counsel is GRANTED and that the Clerk shall note the grant of the motion by this order in the docket entry for the motion. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition will be set after counsel has entered an appearance. The Court anticipates setting the deadline for one hundred fifty (150) days from entry of the formal order of appointment.

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk of Court shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of this Court.

The Clerk of Court accordingly shall send a copy of this order to the *pro se* petitioner, the Attorney General (AG), the Federal Public Defender (FPD), and the CJA Coordinator for this Division and shall regenerate notices of electronic filing of all prior filings herein to both the AG and FPD.

DATED this 23rd day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE