UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD LENNON, | Case No. 3:10-cv-00663-MMD-VPC |
| Petitioner, | |
| v. | ORDER |
| E.K. McDANIEL, *et al.*, | |
| Respondents. | |

On August 21, 2015, petitioner filed a second amended petition (dkt. no. 52) as permitted by this Court's order of March 25, 2014 (dkt. no. 44), and revised by the Court's minute order of May 8, 2015 (dkt. no. 51). Then, on September 4, 2015, prior to a response to the petition from the respondents, petitioner filed a motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (Dkt. no. 53.) Respondents have filed a notice of non-opposition to the motion. (Dkt. no. 57.) For the reasons that follow, the motion shall be granted.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his

>unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Court in *Rhines* went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.

Thus, the court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278).

Here, the parties agree that Lennon's ineffective assistance of counsel claims under Ground Five in his petition are not fully exhausted. Lennon represents to the Court that, on April 19, 2013, he filed a state court petition in the Eighth Judicial District Court for Nevada and that the proceeding is still ongoing.

For good cause under *Rhines*, he notes this Court's findings in a prior order (dkt. no. 44, pp. 8-10, 12-14) with respect to his efforts to litigate his prior state post-

conviction proceeding and how they were impeded by the state court. Suffice it to say for the purposes of this unopposed motion, those findings are adequate to satisfy the relatively lenient good cause standard that applies here.

Similarly, respondents do not dispute that Lennon's unexhausted claims are not "plainly meritless" and that Lennon has not engaged in dilatory litigation tactics. Because this Court concludes that Lennon has satisfied the criteria for a stay under *Rhines*, his motion for a stay and abeyance of this federal habeas corpus proceeding shall be granted.

It is therefore ordered that petitioner's motion for stay and abeyance (dkt. no. 53) is granted. This action is stayed pending exhaustion of petitioner's unexhausted claims.

It is further ordered that the grant of a stay is conditioned upon petitioner further litigating his state post-conviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

It is further ordered that the Clerk shall administratively close this action, until such time as the Court grants a motion to reopen the matter.

It is further ordered that respondents' motions for an extension of time to respond petitioner's motion for stay (dkt. nos. 55 and 56) are granted *nunc pro tunc* as of their respective filing dates and respondents' motion for an extension of time to respond to petitioner's second amended petition (dkt. no. 58) is denied as moot.

DATED THIS 7th day of December 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE